IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01568-AP

JENNIFER A. LEAF,

    Plaintiff,

v.

LINDA S. McMAHON, Acting Commissioner of Social Security,[1]

    Defendant.

## ORDER OF REMAND

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court grants Defendant's Unopposed Motion For Remand. The Court orders that the case be remanded to an Administrative Law Judge for further administrative proceedings, including a supplemental hearing, if necessary. Plaintiff will have the opportunity to submit any additional evidence relevant to her claim, and the Administrative Law Judge will be directed as set forth below.

> Obtain additional evidence concerning Plaintiff's mental impairment in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence 20 C.F.R. §§ 404.1512-1513 and 416.912-913. The additional evidence may include, if available, a consultative examination with psychological testing and medical source statements about what Plaintiff can still do, despite the impairments.

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Give further consideration to treating and examining source opinions, including opinion evidence from Vinaya Kamath, M.D., a treating physician, pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p; to the nonexamining source opinions pursuant to the provisions of 20 C.F.R. §§ 404.1527(f) and 416.927(f) and Social Security Ruling 96-6p.  Clearly explain the weight given to such opinion evidence.  As appropriate, the Administrative Law Judge will request the treating and examining sources to provide additional evidence and/or further clarification of the opinions  (20 C.F.R. §§ 404.1512 and 416.912).

Conduct the further proceedings required in accordance with 20 C.F.R. § 404.1535, Social Security Ruling 82-60, and Public Law 104-121, to determine whether alcoholism is a contributing factor material to a finding of disability.

Further evaluate Plaintiff's mental impairment in accordance with the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. §§ 404.1520a and 416.920a.

Further consider Plaintiff's urinary incontinence to assess the impact on Plaintiff's residual functional capacity.

Give further consideration to Plaintiff's maximum mental and physical residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 C.F.R. §§ 404.1545 and 416.945 and Social Security Ruling 96-8p).  The assessment of Plaintiff's residual functional capacity should articulate the maximum amount of each work-related activity Plaintiff can perform in an eight-hour work day, on a sustained and continuous basis, in terms that are consistent with 20 C.F.R. §§ 404.1545 and 416.945.

Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base (Social Security Rulings 83-12 and 83-14).  Hypothetical questions should clearly reflect the specific capacity/limitations established by the record as a whole.  The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. §§ 404.1566 and 416.966). Further, before relying on the vocational expert evidence, the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

The Court directs the clerk to enter judgment in accordance with Fed. R. Civ. P. 58, consistent with the decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993), and to specify that the case is being remanded, for the reasons set forth above, pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 31st day of January, 2007.

BY THE COURT:

*s/John L. Kane*
Honorable John L. Kane